FILED

07 NOV 28 AM 10: 20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PDV DEPUTY

Jack R. Leer (SBN 184982)
Nicholas S. Barnhorst (SBN 241794)
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
e-mail: leer@scmv.com
e-mail: nbarnhorst@scmv.com

Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

'07CV 2250 JAH WMc

| | |
|---|---|
| ACCESS NURSES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS HEALTHCARE STAFFING, LLC, an Ohio corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.:________________<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332 and 1446, Defendant AXIS HEALTHCARE STAFFING, LLC hereby removes to this Court the state court action described below. The removal is based specifically on the following grounds:

1. On or about October 19, 2007, this action was filed in the Superior Court of the State of California, County of San Diego, as Access Nurses, Inc. v. Axis Healthcare Staffing, LLC; and Does 1-10, San Diego Superior Court Case No. 37-2007-00078431-CU-IP-CTL.

2. The Summons and Complaint were served on Defendant on October 31, 2007. This Notice of Removal is being filed within 30 days from such service, and is therefore timely pursuant to 28 U.S.C. § 1441(b).

3. This Court has jurisdiction under 28 U.S.C. §1331 and 1338(a) and (b), and is one which may be removed to this Court under 28 U.S.C. § 1441 in that it: (1) arises under Acts of Congress relating to trademarks, and (2) asserts a claim of unfair competition joined with a substantial and related claim under trademark laws.

4. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court under 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

5. As alleged in the Complaint, Plaintiff is a Delaware corporation having its principal place of business in San Diego, California. Defendant was, and still is, an Ohio limited liability company having its principal place of business in Ohio. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

6. A copy of all process, pleadings, and orders served upon Defendant is filed with the Notice of Removal and is attached as Exhibit 1.

7. Defendants have given written notice of the filing of this Notice of Removal to both the Plaintiff and the Clerk of the San Diego County Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

DATED: November 27, 2007

SELTZER CAPLAN McMAHON VITEK
A Law Corporation

By: ______________________
Jack R. Leer, Esq.
Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC

RECYCLED

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Michelle Hon
DUANE MORRIS LLP
101 W. Broadway, Suite 900
San Diego, CA 92101
TELEPHONE NO.: (619) 744-2200 FAX NO.: (619) 744-2201
ATTORNEY FOR *(Name)*: Plaintiff, ACCESS NURSES, INC.

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
ACCESS NURSES, INC. v. AXIS HEALTHCARE STAFFING, LLC

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2007-00078431-CU-IP-CTL
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☑ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 29, 2007
Michelle Hon
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL DIVISION

2007 OCT 31 AM 11:07

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
AXIS HEALTHCARE STAFFING LLC, an Ohio corporation and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ACCESS NURSES, INC., a Delaware corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2007-00078431-CU-IP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle A. Hon 101 W. Broadway, Suite 900 (619) 744-2200
Duane Morris, LLP San Diego, CA 92101

DATE: OCT 31 2007 Clerk, by M. McKinley, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: AXIS HealthCARE STAFFING LLC, an OHIO CORPORATION
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. www.USCourtForms.com

COPY

2007OCT19 PM 4:53

OCT 1 9 2007

Daniel C. Minteer (SBN 62158)
Michelle A. Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201

Attorneys for Plaintiff
ACCESS NURSES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

HALL OF JUSTICE

ACCESS NURSES, INC, a Delaware corporation,

Plaintiff,

v.

AXIS HEALTHCARE STAFFING LLC, an Ohio corporation AND DOES 1 THROUGH 10,

Defendants.

Case No. 37-2007-00078451-CU-IP-CTL

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION; VIOLATION OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE SECTION 17200; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS; AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**DEMAND FOR JURY TRIAL**

Plaintiff, Access Nurses, Inc. ("Access" or "Plaintiff"), by and through its counsel, Duane Morris LLP, as and for its Complaint against Defendant, Axis Healthcare Staffing ("Axis or Defendant") and DOES 1 through 10, hereby alleges as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Federal Trademark Act of 1946, known as the Lanham Act at 15 U.S.C. § 1051 *et seq.*, and California statutory and common law on behalf of

Plaintiff. Plaintiff seeks to enjoin Defendant from infringing on one or more of Plaintiff's trademarks, engaging in unfair competition, including unlawful, unfair, and fraudulent business practices, intentionally interfering with Plaintiff's prospective economic advantage, and to compensate Plaintiff for the unlawful conduct of Defendant.

## THE PARTIES AND JURISDICTION

2. Plaintiff, Access Nurses, Inc., is incorporated under the laws of the State of Delaware, with its principal place at 5935 Cornerstone Court West, Suite 300, San Diego, California 92121.

3. Defendant, Access Healthcare Staffing upon information and belief, is incorporated under the laws of the State of Ohio with its principal place of business in Dayton, Ohio.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Axis herein named as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff will amend this Complaint to show the true names and capacities of DOES 1 through 10 once this information has been ascertained. Plaintiff is informed and believes that all Defendants fictitiously sued herein as DOES 1 through 10, inclusive, are in some manner responsible for the acts herein alleged.

5. This Court has proper jurisdiction over this action.

6. Plaintiff is a Delaware corporation authorized to conduct business, and is doing business, in the County of San Diego, State of California.

7. Plaintiff is informed and believes, and based thereon alleges that Defendant's acts or omissions, as well as, Plaintiff's injuries and damages that are the subject of this lawsuit occurred in the County of San Diego, State of California.

8. The amount in controversy is within the jurisdiction of this Court.

## FACTUAL BACKGROUND

**A. Plaintiff Access' Business and Trademarks**

9. Plaintiff is a leading nurse-staffing agency, servicing healthcare facilities. Plaintiff offers its staffing and placement services for traveling and non-traveling nurses throughout the United States and Canada.

10. As part of its ongoing business, Plaintiff uses and promotes, *inter alia,* trademarks for "ACCESS NURSES" (U.S. Registration Numbers. 3,229,311 and 3,255,217), and "Access" (collectively "ACCESS MARKS").

11. Plaintiff has advertised, publicized and promoted its ACCESS MARKS throughout the United States and Canada for over six years.

12. As a result of Plaintiff's advertising, publication, promotional efforts and services, its ACCESS MARKS are well known and associated with Plaintiff's business and services.

13. As such, Plaintiff's ACCESS MARKS have acquired and enjoy a high degree of distinctness, secondary meaning, and goodwill.

**B. Defendant Axis' Business and Infringing Trademarks**

14. Defendant is in business of nurse staffing and placement.

15. Plaintiff is informed and believes that Defendant has contracts with nurses and hospitals throughout California.

16. Defendant uses the term "AXIS" and "AXIS HEALTHCARE (collectively "AXIS MARKS") in association with nurse its nurse staffing and placement services.

17. Defendant's use of its AXIS MARKS in association with nurse staffing and placement services infringes Plaintiff's ACCESS MARKS and dilutes its distinctiveness.

18. Defendant's AXIS MARKS are confusingly similar to Plaintiff's ACCESS MARKS, as "AXIS" and "ACCESS" are phonetically identical. Additionally, the services offered under the respective marks are identical.

19. Plaintiff's customers, both nurses and hospitals, have reported actual confusion between AXIS MARKS and ACCESS MARKS.

20. In some instances, actual confusion has arisen from phone calls initiated by Defendant, wherein Defendant's employees have called Plaintiff's customers and represented that they were calling from "Axis." As "Axis" is phonetically identical to "Access," these calls have caused substantial actual confusion with Plaintiff's customers.

21. In other instances, Plaintiff has lost business contracts due to actual confusion between the AXIS MARKS and ACCESS MARKS. In some of these instances, the lost contract was mistakenly awarded to Defendant instead of Plaintiff.

22. Plaintiff's counsel sent Defendant a letter dated September 27, 2007 requesting Defendant stop all use of its AXIS MARKS in association with any goods or services in the nurse staffing industry. Defendant has refused this request.

**FIRST CAUSE OF ACTION**

**Trademark Infringement - 15 U.S.C. § 1114**

23. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

24. As part of its ongoing business, Plaintiff uses and promotes, *inter alia,* its ACCESS MARKS.

25. As a result of Plaintiff's ongoing advertising, publication, promotional efforts, and services, Plaintiff's' ACCESS MARKS are well known and associated with Plaintiff's goods and service.

26. As such, Plaintiff's ACCESS MARKS have acquired and enjoy a high degree of distinctness, secondary meaning, and goodwill.

27. Defendant is using its AXIS MARKS and/or variations thereof in commerce.

28. Defendant's commercial use of its AXIS MARKS in connection with goods and services in the nurse staffing industry, is identical to, resembles and/or is phonetically identical to Plaintiff's ACCESS MARKS that it has caused, and is likely to continue to cause, confusion, mistake, or to deceive clients, consumers or the relevant public as to the source of Defendant's services and products.

29. Defendant has continued to undertake the acts complained of above and continues to do so after Plaintiff requested that Defendant's acts cease.

30. Defendant, by its aforementioned acts, has willfully and knowingly violated and infringed, and threatens to further infringe, the rights of Plaintiff in its federally registered trademarks in violation of Section 32 of the Lanham Act, codified at 15 U.S.C. §1114, with the

intent of deceiving and misleading customers and the public at large, and of wrongfully trading on the goodwill and reputation of Plaintiff.

31. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff and Defendant's course of action has resulted in, and will continue to result in, the destruction of Plaintiff's rights.

32. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage.

33. Defendant's infringing conduct has caused Plaintiff irreparable injury, and said conduct, unless enjoined by this Court, will be continued by Defendant to the ongoing and irreparable injury of Plaintiff.

34. Plaintiff is entitled to injunctive relief restraining and enjoining Defendant and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using the AXIS MARKS in violation of Plaintiff's rights under federal trademark law.

## SECOND CAUSE OF ACTION

### Common Law Trademark Infringement

35. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. As part of its ongoing business, Plaintiff uses and promote, *inter alia,* its ACCESS MARKS.

37. As a result of Plaintiff's ongoing advertising, publication, promotional efforts, and services, Plaintiff's' ACCESS MARKS are well known and associated with Plaintiff's goods and service.

38. As such, Plaintiff's ACCESS MARKS have acquired and enjoy a high degree of distinctness, secondary meaning, and goodwill.

39. Defendant is its AXIS MARKS and/or variations thereof in commerce.

40. Defendant's commercial use of its AXIS MARKS in connection with goods and services in the nurse staffing industry, is identical to, resembles and/or is phonetically identical to Plaintiff's ACCESS MARKS that it has caused, and is likely to continue to cause, confusion,

mistake, or to deceive clients, consumers or the relevant public as to the source of Defendant's services and products.

41. Defendant has continued to undertake the acts complained of above and continues to do so after Plaintiff requested that Defendant's acts cease.

42. Defendant, by its aforementioned acts, has willfully and knowingly violated and infringed, and threatens to further infringe, the rights of Plaintiff in its federally registered trademarks in violation of California law, with the intent of deceiving and misleading customers and the public at large, and of wrongfully trading on the goodwill and reputation of Plaintiff.

43. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff and Defendant's course of action has resulted in, and will continue to result in, the destruction of Plaintiff's rights.

44. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage.

45. Defendant's infringing conduct has caused Plaintiff irreparable injury, and said conduct, unless enjoined by this Court, will be continued by Defendant to the ongoing and irreparable injury of Plaintiff.

46. Plaintiff is entitled to injunctive relief restraining and enjoining Defendant and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using the AXIS MARKS in violation of Plaintiff's common law trademark rights.

## <u>THIRD CAUSE OF ACTION</u>

### False Designation of Origin - 15 U.S.C. §1125(a)(1)

47. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Defendant's adoption, use, promotion, and marketing of Plaintiff's ACCESS MARKS in connection with any goods or services in the nurse staffing industry has caused, and is likely to continue to cause, confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant's AXIS MARKS with Plaintiff's ACCESS MARKS.

49. The aforesaid actions are further likely to cause the trade and/or the public to incorrectly believe that Defendant's commercial activities, originate with, are sponsored by, or are approved by Plaintiff.

50. Plaintiff has no control over the nature and quality of Defendant's goods or services in the nurse staffing industry. Any failure, neglect or default by Defendant in providing their goods and services has reflected, and will likely continue to will reflect, adversely on Plaintiff and Plaintiff's commercial activities, hampering efforts by Plaintiff to protect the outstanding reputation of its ACCESS MARKS.

51. The aforesaid activities of Defendant in promoting, selling, and marketing its goods and services in the nurse staffing industry using the AXIS MARKS constitutes a violation of Section 43(a)(1) of the Trademark Act of 1946, codified at 15 U.S.C. §1125(a)(1).

52. Defendant has direct knowledge of Plaintiff's ACCESS MARKS, and the confusion caused by Defendants use of its AXIS MARKS and accordingly all of Defendant's actions must be deemed willful and wanton, making Defendant subject to treble damages.

53. Defendant has been unjustly enriched by the aforesaid wrongful activities. Plaintiff is therefore entitled to an accounting of the profits of Defendant with respect to the revenue generated from its nurse staffing and placement services, which originated from the offending AXIS MARKS.

54. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage.

55. Defendant's conduct has caused Plaintiff irreparable injury, and said conduct, unless enjoined by this Court, will be continued by Defendant to the ongoing and irreparable injury of Plaintiff.

56. Plaintiff is entitled to injunctive relief restraining and enjoining Defendant and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using the AXIS MARKS in violation of Plaintiff's rights under Section 43(a)(1) of the Lanham Act.

## FOURTH CAUSE OF ACTION

**Unfair Competition**

57. Plaintiff restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

58. Defendant has engaged in unfair, fraudulent and deceptive acts and omissions and continues to commit unfair competition by engaging in such conduct.

59. Defendant's conduct as alleged herein, including but not limited to: (1) infringing use of Plaintiff's ACCESS MARKS, (2) registration and use of Defendant's AXIS MARKS which are confusingly similar to Plaintiff's ACCESS MARKS with the bad faith attempt to profit, and (3) interference with Plaintiff's prospective economic advantage, constitutes unlawful, unfair or fraudulent business acts or practices, and constitutes unfair competition under the common law of California.

60. Plaintiff has suffered damages as a direct and proximate result of Defendant's unfair, fraudulent and deceptive conduct described above, and Defendant has been and will continue to be unjustly enriched, in amounts to be determined at trial.

61. Plaintiff is informed and believes, and based thereon alleges, Defendant's unlawful, unfair or fraudulent business acts or practices have been and continue to be intentional and willful.

62. Plaintiff is informed and believes, and based thereon alleges, that in engaging in the aforementioned acts and conduct, Defendant acted blatantly, maliciously, oppressively and fraudulently, and Plaintiff is entitled to an award of exemplary damages against Defendant in an amount according to proof and for the purposes of example and punishment.

63. Defendant's unfair business practices have caused Plaintiff irreparable harm. Plaintiff will continue to suffer irreparable injury, unless Defendant is enjoined from continuing these unlawful, unfair, and fraudulent business acts or practices.

## FIFTH CAUSE OF ACTION

**Unfair Competition - California Business & Professions Code § 17200**

64. Plaintiff restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

65. Defendant's conduct as alleged herein, including but not limited to (1) infringing use of Plaintiff's ACCESS MARKS; (2) registration and use of Defendant's AXIS MARKS which are confusingly similar to Plaintiff's ACCESS MARKS with the bad faith attempt to profit, and (3) interference with Plaintiff's prospective economic advantage, constitutes unlawful, unfair or fraudulent business acts or practices, and constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code §§ 17200, *et seq.*

66. California Business and Professions Code §§ 17200, *et seq.*, provides that unfair competition shall mean and include all unlawful, unfair or fraudulent business practices, among other things.

67. Defendant has engaged and continues to engage in unfair, fraudulent and deceptive acts and omissions. Defendant's unfair, fraudulent and deceptive acts and omissions constitute a violation of California Business and Professions Code §§ 17200, *et seq.*

68. As a direct and proximate result of Defendant's unfair, fraudulent and deceptive conduct described above Plaintiff has suffered damages and Defendant has been and will continue to be unjustly enriched, in amounts to be determined at trial.

69. Defendant's unfair business practices have caused Plaintiff irreparable harm. Plaintiff will continue to suffer irreparable injury, unless Defendant is enjoined from continuing these unlawful, unfair, and fraudulent business acts or practices.

## SIXTH CAUSE OF ACTION

**Intentional Interference with Prospective Economic Relations**

70. Plaintiff restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

71. Plaintiff has an ongoing economic relationship with hospitals, nurses and the public, with the probability of ongoing future benefits.

72. Defendant had full knowledge of said economic relationship.

73. Defendant intentionally and with the intent of disrupting said economic relationship, has used, and continues to use, its AXIS MARKS which are confusingly similar and phonetically identical to Plaintiff's ACCESS MARKS.

74. Defendant has contacted Plaintiff's customers, both nurses and hospitals, and represented that they were calling from "Axis." As "Axis" is phonetically identical to "Access," these calls have caused substantial and actual confusion to Plaintiff's customers.

75. The economic relationship was disrupted as a direct and proximate result of these statements.

76. Plaintiffs were damaged as a direct and proximate result of Defendant's interference.

77. Plaintiffs are informed and believe, and based thereon allege, Defendant's interference was intentional and willful.

78. Plaintiffs are informed and believe, and based thereon allege, that in engaging in the aforementioned acts and conduct, Defendant acted blatantly, maliciously, oppressively and fraudulently, and Plaintiffs are entitled to an award of exemplary damages against Defendant in an amount according to proof and for the purposes of example and punishment.

## SEVENTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Relations

79. Plaintiff restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

80. Plaintiff has an ongoing economic relationship with hospitals, customers and the public, with the probability of ongoing future benefits.

81. Defendant had had full knowledge of said economic relationship.

82. Defendant negligently disrupted, and continues to disrupt, said economic relationship, by using, and continuing to use, its AXIS MARKS which are confusingly similar and phonetically identical to Plaintiff's ACCESS MARKS.

83. Defendant has contacted Plaintiff's customers and represented that they were calling from "Axis." As "Axis" is phonetically identical to "Access," these calls have caused substantial and actual confusion to Plaintiff's customers.

84. The economic relationship was disrupted as a direct and proximate result of these statements.

85. Plaintiffs were damaged as a direct and proximate result of Defendant's negligent interference.

86. Plaintiffs are informed and believe, and based thereon allege, that in engaging in the aforementioned acts and conduct, Defendant acted blatantly, maliciously, oppressively and fraudulently, and Plaintiffs are entitled to an award of exemplary damages against Defendant in an amount according to proof and for the purposes of example and punishment.

**PRAYER**

**WHEREFORE** Plaintiff prays for the following relief as to all causes of action:

1. Judgment stating:

(a) Defendant has infringed Plaintiff's trademarks, in violation of 15 U.S.C. §§ 1051-1127;

(b) Defendant has infringed Plaintiff's trademarks under California common law;

(c) Defendant has engaged in unfair competition under California common law;

(d) Defendant has engaged in unfair competition, in violation of California Business and Professions Code § 17200;

(e) Defendant has interfered with Plaintiff's prospective economic relations;

(f) Defendant has otherwise injured Plaintiff though the actions described above;

2. An award of monetary damages that takes into account Defendant's profits, actual damages sustained by Plaintiff, including increased damages and costs as the Court deems appropriate;

3. Disgorgement of all gains, profits, advantages, and unjust enrichment derived by Defendant from it unlawful acts and other violations of law;

4. An injunction prohibiting all use of the AXIS MARKS or any other marks that are confusingly similar to the ACCESS MARKS.

5. An award of prejudgment interest, costs and disbursements, and exemplary damages;

6. An award of attorney fees and associated legal costs of the suit;

7. An order finding this case is an exceptional case within the meaning of 15 U.S.C. § 1117 and an award of treble damages and reasonable attorneys' fees;

8. Such other and further relief as the Court may deem appropriate.

Dated: October 19, 2007

DUANE MORRIS LLP

By: ______________________

Daniel C. Minteer
Michelle A. Hon
Attorneys for Plaintiff
ACCESS NURSES, INC.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6144 | |
| PLAINTIFF(S) / PETITIONER(S): ACCESS NURSES, INC, a Delaware corporation | |
| DEFENDANT(S) / RESPONDENT(S): AXIS HEALTHCARE STAFFING LLC, an Ohio corporation | |
| ACCESS NURSES, INC, A DELAWARE CORPORATION VS. AXIS HEALTHCARE STAFFING LLC, AN OHIO | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00078431-CU-IP-CTL |

Judge: Ronald S. Prager Department: C-71

**COMPLAINT/PETITION FILED:** 10/29/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): ACCESS NURSES, INC, a Delaware corporation | |
| DEFENDANT(S): AXIS HEALTHCARE STAFFING LLC, an Ohio corporation | |
| SHORT TITLE: ACCESS NURSES, INC, A DELAWARE CORPORATION VS. AXIS HEALTHCARE STAFFING LLC, AN OHIO CORPORATION | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER:<br>37-2007-00078431-CU-IP-CTL |

Judge: Ronald S. Prager Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): ____________________
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ____________________

____________________

____________________

Alternate: (mediation & arbitration only) ____________________

Date: ____________________ Date: ____________________

____________________ ____________________
Name of Plaintiff Name of Defendant

____________________ ____________________
Signature Signature

____________________ ____________________
Name of Plaintiff's Attorney Name of Defendant's Attorney

____________________ ____________________
Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 10/29/2007 ____________________
JUDGE OF THE SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00078431-CU-IP-CTL CASE TITLE: ACCESS NURSES, INC, a Delaware corporation vs. AXIS H

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

Jack R. Leer (SBN 184982)
Nicholas S. Barnhorst (SBN 241794)
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
e-mail: leer@scmv.com
e-mail: nbarnhorst@scmv.com

FILED
07 NOV 28 AM 10: 20
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PDU DEPUTY

Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

'07CV 2250 JAH WMC

| | |
|---|---|
| ACCESS NURSES, INC., a Delaware corporation, Plaintiff, vs. AXIS HEALTHCARE STAFFING, LLC, an Ohio corporation; and DOES 1 through 10, Defendants. | Civil Action No.: ________________ **PROOF OF SERVICE** |

I, the undersigned, declare as follows:

I am employed with the law firm of SELTZER CAPLAN McMAHON VITEK, A Law Corporation, whose address is 750 "B" Street, Suite 2100, San Diego, California 92101-8177. I am over the age of 18 and I am not a party to this action.

On November 27, 2007, I filed with the Superior Court of the State of California, County of San Diego, and then served (or caused to be served) the following documents, bearing the titles:

1. NOTICE OF REMOVAL; and

2. NOTICE TO ADVERSE PARTY AND SUPERIOR COURT OF REMOVAL TO FEDERAL COURT.

[X] by placing true copies thereof enclosed in sealed envelopes addressed to the below-named parties.

Daniel C. Minteer, Esq.
Michelle A. Hon, Esq.
Duane Morris, LLP
101 West Broadway
Suite 900
San Diego, CA 92101
*Attorneys for Access Nurses, Inc.*

[X] (By **MAIL SERVICE**) I placed such envelopes for collection and mailing on this date following ordinary business practices.

[ ] (By **PERSONAL SERVICE**) Such envelope was delivered by hand to the office of the addressee by Knox Attorney Service. **(See above) (Separate proof of service filed herewith)**

[ ] (By **FEDERAL EXPRESS – NEXT DAY DELIVERY**) I caused to be delivered such envelope by hand to the office of the addressee. **(See above)**

[ ] **By ELECTRONIC MAIL to the following parties:**

[X] (Federal) I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on November 27, 2007, at San Diego, California.

Stephanie A. Kostić

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Access Nurses, Inc., a Delaware corporation

**DEFENDANTS**
Axis Healthcare Staffing, LLC, an Ohio corporation; and DOES 1 through 10

'07 CV 2250 JAH WMC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Montgomery
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Duane Morris
101 West Broadway
Suite 900
San Diego, CA 92101
619-744-2200

ATTORNEYS (IF KNOWN)
Seltzer Caplan McMahon Vitek
750 B Street
Suite 2100
San Diego, CA 92101
619-685-3141

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Trademark infringement, False Designation of Origin, Unfair competition, Violation of California's Business and Professions Code Section 17200, Intentional interference with Prospective economic relations, and Negligent interference with prospective economic relations. 28 USC 1331, 1332, 1446

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [X] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ Docket Number ______

DATE
November 27, 2007

SIGNATURE OF ATTORNEY OF RECORD
Jack R. Leer

Paid $350 - BH 11/28/07 RCPT# 144867

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144867 - BH**
*** * C O P Y * ***
**November 28, 2007**
**10:23:15**

**Civ Fil Non-Pris**
USAO #.: 07CV2250 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: BC# 6262

**Total-> $350.00**

FROM: ACCESS NURSES V. AXIS HEALTH
STAFFING
CIVIL FILING