Jack R. Leer (SBN 184982)
Nicholas S. Barnhorst (SBN 241794)
SELTZER CAPLAN MCMAHON VITEK
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone: (619) 685-3003
e-mail: leer@scmv.com
e-mail: nbarnhorst@scmv.com

Anne C. Martin (TBN 015536), *Pro Hac Vice*
Paul W. Kruse (TBN 013858), *Pro Hac Vice*
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6300
e-mail: amartin@bonelaw.com
e-mail: pkruse@bonelaw.com

Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCESS NURSES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS HEALTHCARE STAFFING, LLC, an Ohio limited liability company; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:07-CV-02250-JAH-WMC<br><br>**ANSWER AND COUNTER-CLAIM** |

Comes Axis Healthcare Staffing LLC ("AHS"), by and through counsel and in accordance with the applicable Federal Rules of Civil Procedure, and submits its Answer and Counter-Claim to the Complaint of Access Nurses, Inc. ("ANI") as follows:

**ANSWER**

1. Paragraph 1 of the Complaint does not require a response as it simply states the causes of action ANI is bringing in this matter. To the extent it includes any allegations, those allegations are

denied.

2. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore they are denied.

3. Paragraph 3 of the Complaint is admitted in part and denied in part. It is admitted that AHS' principal place of business is in Dayton, Ohio, but it is denied that AHS is an Ohio corporation. AHS is an Ohio limited liability company.

4. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore they are denied. AHS does not know to whom the "Doe" references are made.

5. Paragraph 5 of the Complaint is admitted, although when filed the Complaint was pending in the state courts of California. This matter has now been removed to this Court, in which jurisdiction is proper pursuant to 28 U.S.C. §§ 1331-1332.

6. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore they are denied.

7. Paragraph 7 of the Complaint is denied.

8. Paragraph 8 of the Complaint is admitted.

9. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore they are denied. This description of ANI's business is inconsistent with the information contained in its U.S. Trademark Registration. AHS has to assume ANI has either provided false information to the U.S. Patent and Trademark Office, or in its complaint filed in this case.

10. Paragraph 10 of the Complaint is admitted in part and denied in part. It is admitted that ANI has a trademark for "Access Nurses", but it is denied that ANI has a trademark for "Access."

11. Paragraph 11 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

12. Paragraph 12 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

13. Paragraph 13 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

14. Paragraph 14 of the Complaint is admitted.

15. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore they are denied.

16. Paragraph 16 of the Complaint is admitted in part and denied in part. It is denied regarding the allegation that AHS uses the term "Axis" in association with its business. It is admitted regarding the allegation that AHS uses the term "Axis Healthcare Staffing" in association with its business.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is admitted in part and denied in part. AHS denies that it is taking any actions inconsistent with ANI'S rights. AHS admits that it has not complied with ANI'S directive to change its name.

23. Paragraph 23 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 22 of the Complaint.

24. Paragraph 24 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

25. Paragraph 25 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied because of how ANI defines the term "AXIS MARKS" as defined in paragraph 10.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is admitted in part and denied in part. AHS denies that it is taking any actions inconsistent with ANI'S rights. AHS admits that it has not complied with ANI'S directive to change its name.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 34 of the Complaint.

36. Paragraph 36 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

37. Paragraph 37 of the Complaint is denied because of how ANI defines the term "ACCESS MARKS" as defined in paragraph 10.

38. Paragraph 38 of the Complaint is denied.

39. Paragraph 39 of the Complaint is denied in part because of how ANI defines the term "AXIS MARKS" as defined in paragraph 10. AHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39, and therefore they are denied.

40. Paragraph 40 of the Complaint is denied.

41. Paragraph 41 of the Complaint is admitted in part and denied in part. AHS denies that it is taking any actions inconsistent with ANI'S rights. AHS admits that it has not complied with ANI'S directive to change its name.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

44. Paragraph 44 of the Complaint is denied.

45. Paragraph 45 of the Complaint is denied.

46. Paragraph 46 of the Complaint is denied.

47. Paragraph 47 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 46 of the Complaint.

48. Paragraph 48 of the Complaint is denied.

49. Paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint is admitted in part and denied in part. AHS admits that, as alleged in the first sentence, ANI has no control over the nature and quality of its goods or services. AHS denies the remainder of Paragraph 50.

51. Paragraph 51 of the Complaint is denied.

52. Paragraph 52 of the Complaint is denied.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

56. Paragraph 56 of the Complaint is denied.

57. Paragraph 57 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 56 of the Complaint.

58. Paragraph 58 of the Complaint is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

61. Paragraph 61 of the Complaint is denied.

62. Paragraph 62 of the Complaint is denied.

63. Paragraph 63 of the Complaint is denied.

64. Paragraph 64 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 63 of the Complaint.

65. Paragraph 65 of the Complaint is denied.

66. Paragraph 66 of the Complaint does not require a response as it simply purports to state the law applicable to ANI's cause of action. The language in and the effect of the cited statute speaks for itself.

67. Paragraph 67 of the Complaint is denied.

68. Paragraph 68 of the Complaint is denied.

69. Paragraph 69 of the Complaint is denied.

70. Paragraph 70 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 69 of the Complaint.

71. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore they are denied.

72. Paragraph 72 of the Complaint is admitted in part and denied in part. It is admitted that ANI contacted AHS claiming infringement and damages there from and demanding that AHS change its business name. The implication that AHS is causing ANI any damage, or that its continued use of its business name has an economic effect on ANI, is denied.

73. Paragraph 73 of the Complaint is denied.

74. Paragraph 74 of the Complaint is denied.

75. Paragraph75 of the Complaint is denied.

76. Paragraph 76 of the Complaint is denied.

77. Paragraph 77 of the Complaint is denied.

78. Paragraph 78 of the Complaint is denied.

79. Paragraph 79 of the Complaint does not require a response as it does not contain any allegations. AHS relies upon its responses in this Answer to paragraphs 1 through 78 of the Complaint.

80. AHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and therefore they are denied.

81. Paragraph 81 of the Complaint is admitted in part and denied in part. It is admitted that ANI contacted AHS claiming infringement and damages there from and demanding that AHS change

its business name. The implication that AHS is causing ANI any damage, or that its continued use of its business name has an economic effect on ANI, is denied.

82. Paragraph 82 of the Complaint is denied.

83. Paragraph 83 of the Complaint is denied.

84. Paragraph 84 of the Complaint is denied.

85. Paragraph 85 of the Complaint is denied.

86. Paragraph 86 of the Complaint is denied.

87. All allegations not expressly admitted or denied herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

ANI'S alleged marks are not inherently distinctive and have not become distinctive in that purchasers do not associate its alleged marks solely with its goods and services.

### SECOND AFFIRMATIVE DEFENSE

There is no likelihood of confusion because the marks used by the parties are different.

### THIRD AFFIRMATIVE DEFENSE

If ANI has suffered damages, as alleged, AHS is not responsible for those damages.

### FOURTH AFFIRMATIVE DEFENSE

If ANI has suffered damages, as alleged, it has failed to attempt to mitigate those damages, and thus AHS is not responsible for those damages.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because ANI'S claims, either in whole or in part, fail to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Other businesses, in the same industry as the parties, use the term "Access" in their business names, thus this is not a unique term associated only with ANI.

### SEVENTH AFFIRMATIVE DEFENSE

On January 20, 2006, ANI filed an application to federally register ACCESS NURSES on the Principal Register for nurse staffing services, namely, hiring, recruiting, placement, staffing and career

networking services for traveling and non-traveling nurses. The application was assigned Ser. No. 78/795,864. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES in commerce in connection with all the services set forth in Serial No. 78/795,864 at least as early as July 2001. However, based on information and belief such representation was false as ANI did not commence use of ACCESS NURSES in connection with all the services set forth in Ser. No. 78/795,864 until sometime *after* July 2001. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,229,311 for ACCESS NURSES on the Principal Register on April 17, 2007. Since ANI made material misrepresentations to the United States Patent and Trademark Office, and since it has unclean hands, Reg. No. 3,229,311 is invalid.

## EIGHT AFFIRMATIVE DEFENSE

On January 20, 2006, ANI filed an application to federally register ACCESS NURSES & Design on the Principal Register for nurse staffing services, namely, hiring, recruiting, placement, staffing and career networking services for traveling and non-traveling nurses. The application was assigned Ser. No. 78/796,027. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES & Design in commerce in connection with all the services set forth in Serial No. 78/796,027 at least as early as July 2001. However, based on information and belief such representation was false as ANI did not commence use of ACCESS NURSES & Design in connection with all the services set forth in Ser. No. 78/796,027 until sometime *after* July 2001. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,255,217 for ACCESS NURSES & Design on the Principal Register on June 26, 2007. Since ANI made material misrepresentations to the United States Patent and Trademark Office, and since it has unclean hands, Reg. No. 3,255,217 is invalid.

AHS reserves the right to file such additional defenses as may be appropriate upon completion of its investigation and discovery.

WHEREFORE, having fully answered the averments of the Complaint, AHS demands that the Complaint be dismissed with prejudice, that costs be taxed to ANI, and that AHS recover its reasonable fees and costs incurred in defending same.

///

## COUNTERCLAIM

Axis Healthcare Staffing LLC ("AHS"), hereby assumes the role of Counter-Plaintiff, and for its Counterclaim against Counter-Defendant Access Nurses, Inc. ("ANI") states as follows:

## PARTIES, JURISDICTION AND VENUE

1. On information and belief, ANI is a Delaware corporation with its principal place of business at 5935 Cornerstone Court West, Suite 300, San Diego California 92121

2. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, as it presents federal questions under the Lanham Act, 15 U.S.C. § 1501 *et seq*. and under 28 U.S.C. §§ 1338(a) and (b). This Court also has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and as the amount in controversy exceeds $75,000.

3. This Court has both general and specific personal jurisdiction over ANI.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because ANI resides in this district and a substantial part of the events giving rise to the claims has occurred in this district.

5. These counterclaims arise from an actual and justiciable controversy between the parties regarding their respective trademark rights. ANI has brought suit against AHS for alleged infringement of ACCESS NURSES and ACCESS NURSES & Design.

## FACTS

6. On information and belief, ANI is a nurse-staffing agency that offers its staffing and placement services for traveling and non-traveling nurses to healthcare facilities.

7. On January 20, 2006, ANI filed an application to federally register ACCESS NURSES on the Principal Register for nurse staffing services, namely, hiring, recruiting, placement, staffing and career networking services for traveling and non-traveling nurses. The application was assigned Ser. No. 78/795,864. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES in commerce in connection with all the services set forth in Serial No. 78/795,864 at least as early as July 2001. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,229,311 for ACCESS NURSES on the Principal Register on April 17, 2007. However, based on information and belief such representation was false as ANI did

not commence use of ACCESS NURSES in connection with all the services set forth in Ser. No. 78/795,864 until sometime *after* July 2001.

8. On January 20, 2006, ANI filed an application to federally register ACCESS NURSES & Design on the Principal Register for nurse staffing services, namely, hiring, recruiting, placement, staffing and career networking services for traveling and non-traveling nurses. The application was assigned Ser. No. 78/796,027. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES & Design in commerce in connection with all the services set forth in Serial No. 78/796,027 at least as early as July 2001. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,255,217 for ACCESS NURSES & Design on the Principal Register on June 26, 2007. However, based on information and belief such representation was false as ANI did not commence use of ACCESS NURSES & Design in connection with all the services set forth in Ser. No. 78/796,027 until sometime *after* July 2001.

**DECLARATORY JUDGMENT**

9. AHS incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

10. Pursuant to 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57, AHS has presented a case of actual controversy in this Court's jurisdiction, and seeks the following declarations, that:

**Reg. No. 3,229,311 Should Be Cancelled**

11. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES in commerce in connection with all the services set forth in Serial No. 78/795,864 at least as early as July 2001.

12. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,229,311 for ACCESS NURSES on the Principal Register on April 17, 2007.

13. ANI's representation to the United States Patent and Trademark Office, however, was false as ANI did not commence its use of ACCESS NURSES in commerce in connection with all the services set forth in Serial No. 78/795,864 until sometime *after* July 2001.

14. Since ANI made material misrepresentations to the United States Patent and Trademark Office, and since ANI has unclean hands, Reg. No. 3,229,311 is invalid.

15. The Court pursuant to its power under 15 U.S.C. §§ 1119 and 1092 should cancel Reg. No. 3,229,311.

**Reg. No. 3,255,217 Should Be Cancelled**

16. ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES & Design in commerce in connection with all the services set forth in Serial No. 78/796,027 at least as early as July 2001.

17. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,255,217 for ACCESS NURSES & Design on the Principal Register on April 17, 2007.

18. ANI's representation to the United States Patent and Trademark Office, however, was false as ANI did not commence its use of ACCESS NURSES & Design in commerce in connection with all the services set forth in Serial No. 78/796,027 until sometime *after* July 2001.

19. Since ANI made material misrepresentations to the United States Patent and Trademark Office, and since ANI has unclean hands, Reg. No. 3,255,217 is invalid.

20. The Court pursuant to its power under 15 U.S.C. §§ 1119 and 1092 should cancel Reg. No. 3,255,217.

**PRAYER FOR RELIEF**

WHEREFORE, AHS prays for the following relief:

1. That the Counter-Complaint in this matter be served on ANI and that ANI be required to answer;

2. That the Court enter an order granting AHS the declaratory relief requested regarding United States Patent and Trademark Office Registration Numbers 3,229,311 and 3,255,217.

3. That the Court award such other relief as it deems appropriate.

DATED: November 30, 2007

SELTZER CAPLAN McMAHON VITEK

By: s/Jack R. Leer

Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC
E-mail: leer@scmv.com