Daniel C. Minteer (SBN 62158)
Michelle A. Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
Email: dcminteer@duanemorris.com
Email: mhon@duanemorris.com

Attorneys for Plaintiff
ACCESS NURSES, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCESS NURSES, INC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AXIS HEALTHCARE STAFFING LLC, an Ohio corporation AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 07CV2250 JAH (WMc)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ACCESS NURSES, INC.'S MOTION TO STRIKE AXIS HEALTHCARE STAFFING LLC'S AFFIRMATIVE DEFENSES OF INEQUITABLE CONDUCT AND DISMISS ITS COUNTERCLAIM FOR INEQUITABLE CONDUCT**<br><br>**DATE:** **January 28, 2008**<br>**TIME:** **2:30 p.m.**<br>**CTRM:** **11**<br>**JUDGE:** **Hon. John A. Houston** |
| AXIS HEALTHCARE STAFFING LLC,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>ACCESS NURSES, INC, a Delaware corporation,<br><br>Counterclaim-Defendant. | |

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure, Rules 9(b), 12(b)(6) and 12(f), Plaintiff Access Nurses, Inc. ("Plaintiff" or "ANI") moves to strike the inequitable conduct defenses and to dismiss the related declaratory judgment counterclaim of Defendant Axis Healthcare Staffing LLC

("Defendant") because Defendant has failed to plead inequitable conduct with the particularity required by Rule 9(b). A party asserting inequitable conduct must meet the pleading requirement of Rule 9(b). *Chiron Corp. v. Abbott Labs*, 156 F.R.D. 219, 220-221 (N.D. Cal. 1994); *Aureflam Corp. v. Pho Hoa Phat, Inc.*, 2005 U.S. Dist LEXIS 37272, *4-*5 (N.D. Cal. 2005 ). As forth below, Defendant has failed to meet such requirement.

## II. FACTUAL BACKGROUND

Plaintiff filed a complaint against Defendant asserting, among other things, trademark infringement of U.S. Registration Numbers 3,229,311 and 3,255,217. Defendant, in its Answer and Counterclaim, alleges that the trademarks at issue are invalid due to inequitable conduct on the United States Patent and Trademark Office ("USPTO") by Plaintiff. The totality of Defendant's inequitable conduct allegations are as follows:

> ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES in commerce in connection with all the services set froth in Serial No. 78/795,864 at least as early as July 2001. However, based on information and belief such representation was false as ANI did not commence use of ACCESS NURSES in connection with all the services set forth in Serial No. 78/795,864 until sometime after July 2001. Based on this allegation, the United States Patent and Trademark Office issued Reg. No. 3,229,311 for ACCESS NURSES on the Principal Register on April 17, 2007. Since ANI made material misrepresentations to the United State Patent and Trademark Office, and since it has unclean hands, Reg. No. 3,229,311 is invalid.

(*See* Defendant's Answer & Counterclaim, pg. 7, lns. 27-28; pg. 8, lns. 1-9; pg. 9, lns. 21-28, pg. 10, lns. 1-2; pg. 10, lns. 11-14; pg. 11, ln. 15.) Defendant restates the same allegations for U.S. Registration Number 3,255,217. (*See* Defendant's Answer & Counterclaim, pg. 8, lns. 11-22; pg. 10, lns. 3-12; pg. 11, lns. 16-20).

## III. LEGAL STANDARD

In all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b). Rule 9(b) applies to claims or defenses of inequitable conduct before the USPTO. *San Juan Products, Inc. v. Sun Juan Pools of Kansas Inc.*, 849 F.2d 468, 472 (10 Cir. 1998) ("fraud in procurement [of a trademark registration] must be alleged with particularity as required by Rule 9(b), both in federal court and in PTO

administrative proceedings.); *See also Chiron Corp.* 156 F.R.D. at 220 (N.D. Cal. 1994).

If a claim is not pled with sufficient particularity, a court may dismiss it for failure to state a claim for which relief can be granted. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Similarly, striking a claim or defense is the proper recourse when it is insufficient as a matter of law. *Chiron Corp.*, 156 F.R.D. at 220. Thus, a claim or defense of inequitable conduct should be stricken if it fails to satisfy the pleading requirements of Rule 9(b). *See Id.*

## IV. DISCUSSION

### A. Defendant Has Failed to Plead Inequitable Conduct With Sufficient Particularity.

Defendant has failed to meet its burden to allege inequitable conduct in a trademark action with sufficient particularity. To sufficiently allege inequitable conduct Defendant is required to state the time, place, and specific content of the false representations, the identities of the parties to the misrepresentation, and the circumstances showing Plaintiff's intent to deceive the USPTO. *See Advanced Cardiovascular Sys. V. Medtronic*, 1996 U.S. Dist. LEXIS 11700, *17-*18. (N.D. 1996) (citation omitted.); *See also Sun MircroSystems, Inc. v. Dataram Corp.*, 1997 U.S. Dist. LEXIS 4557 (N.D. Cal. 1997).

Here, Defendant's allegations fail to meet the required pleading standard. Rather than specifically pleading the time, place and content of the alleged misrepresentation, Defendant merely alleges that:

> ANI represented under oath to the United States Patent and Trademark Office that it had commenced using ACCESS NURSES in commerce in connection with all the services set forth in Serial No. 78/795, 864 at least as early as July 2001.

Such allegations are insufficient because Defendant has not set forth the time when Plaintiff made the alleged misrepresentation, where it was made, or the content of such misrepresentation. The absence of such information from Defendant's allegations is fatal to its inequitable conduct claim and defenses. Moreover, Defendant does not aver that Plaintiff had an intent to deceive the USPTO which is an indispensable element of an inequitable conduct allegation that must be affirmative pled. *See Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11700, at *18. Accordingly, the Court should strike Defendant's inequitable defenses and dismiss its counterclaim

on the grounds that it has failed to allege (1) the time, place and content of the inequitable conduct; and (2) facts showing Plaintiff's intent to deceive the USPTO.

In *Advanced Cardiovascular,* allegations similar to Defendant's were ordered stricken for failure to comply with Rule 9(b). In *Advance Cardiovascular*, the plaintiff filed suit against the defendant for patent infringement. The defendant, as an affirmative defense and counterclaim, alleged inequitable conduct before the USPTO by the plaintiff. Defendant alleged:

> Upon information and belief, United States Patent No. 5,496,346 is unenforceable because of the inequitable conduct in the prosecution of such patent, and specifically, the failure to disclose pertinent, material prior art of which applicants or person(s) acting on behalf of the applicants were aware with the intent to mislead the United States Patent and Trademark Office in its examination of the validity of the patent.

1996 U.S. Dist. LEXIS 11700, at *17-*18. The court held that such allegations were merely "general allegations" and did not satisfy the requirements of Rule 9(b) because defendant did not provide the particular facts of what the defendant failed to disclose and the circumstances indicating the defendant's intent to mislead the USPTO. *Id.* at *18.

Here, as in *Advanced Cardiovascular*, Defendant's deficient inequitable conduct affirmative defenses should be stricken and its and counterclaim for inequitable conduct dismissed.

## V. CONCLUSION

Based on the foregoing, (1) Defendant's Seventh and Eighth Affirmative Defenses of inequitable conduct should be stricken; and (2) Defendant's Counterclaim for inequitable conduct should be dismissed.

This case is at its incipient stage. Granting this motion will not prejudice Defendant from later filing a Rule 15(a) motion for leave to amend its counterclaim and affirmative defenses if

/ / /

/ / /

/ / /

/ / /

/ / /

sufficient facts exist to support a claim or defense of inequitable conduct. Thus, granting this motion will not deprive Defendant of any available claims or defenses.

Dated: December 20, 2007

**DUANE MORRIS LLP**

By: s/Michelle A. Hon
Daniel C. Minteer
Michelle A. Hon
Attorneys for Plaintiff
ACCESS NURSES, INC.