Jack R. Leer (SBN 184982)
Nicholas S. Barnhorst (SBN 241794)
SELTZER CAPLAN MCMAHON VITEK
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone: (619) 685-3003
e-mail: leer@scmv.com
e-mail: nbarnhorst@scmv.com

Anne C. Martin (TBN 015536), *Pro Hac Vice*
Paul W. Kruse (TBN 013858), *Pro Hac Vice*
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6300
e-mail: amartin@bonelaw.com
e-mail: pkruse@bonelaw.com

Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCESS NURSES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS HEALTHCARE STAFFING, LLC, an Ohio limited liability company; and DOES 1 through 10,<br><br>Defendants. | Civil Action No. 3:07-cv-02250-JAH-WMC<br><br>**AXIS HEALTHCARE STAFFING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ACCESS NURSES, INC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF INEQUITABLE CONDUCT AND DISMISS COUNTERCLAIM FOR INEQUITABLE CONDUCT** |

The Plaintiff, Access Nurses, Inc. (herein "ANI"), bases its motion to dismiss upon a purported failure by the Defendant, Axis Healthcare Staffing, LLC (herein "AHS"), to "state with particularity" the basis of its claim of inequitable conduct by ANI, set forth as an affirmative defense in its answer, and as a counterclaim, regarding applications assigned Ser. No. 78/795,864 and 78/796,027 (the

"Applications"). In both the affirmative defense and counterclaim, AHS identifies the Applications as the source of the claims, including their dates of submission. ANI's lack of honesty in its representations about use of mark and the listed services in the Applications is also specifically stated. AHS fails to understand how ANI can take the position it does in its Motion when the affirmative defense and counterclaim are as clearly stated as they are.

AHS agrees with ANI that Federal Rule of Civil Procedure 9(b) is applicable to inequitable conduct claims in trademark litigation, and that pleading with particularity is thus required. It disagrees, however, that its pleading in that regard is insufficient, as the pleading contains information regarding the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations", which is the standard required for such pleading. Schreiber Distributing v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The claim of inequitable conduct or fraud on the United States Patent and Trademark Office ("USPTO") is well recognized. The basis of such a claim is that the applicant "knowingly made a material representation to the USPTO in order to obtain registration of its trademark for the identified goods" and "the USPTO will not issue a registration covering goods upon which the mark has not been used." Medinol Ltd. v. Neuro Vasx, Inc., 67 U.S.P.Q.2d 1205 (TTAB 2003), pg. 9 (attached as Exhibit 1). In order to demonstrate fraud on the USPTO, one must demonstrate a statement was false, material and made knowingly. Id. Thus, to support its claim of fraud on the USPTO, AHS must demonstrate that ANI's statements to the USPTO in its Applications regarding the services it provides using the subject marks was false and knowingly made since materiality is assumed. The time, place and specific content of the purported false representations must only be specifically pled to sufficiently identify the claim. AHS submits that it has done so with its initial pleading.

Time. In its affirmative defense and counterclaim at issue, AHS identifies the Applications, dated January 20, 2006, as the source of the inequitable conduct allegations. Specifically, application 78/795,864 was submitted on all of the services set forth therein on that date and alleged use as of that date. Application 78/796,027 was submitted on that date based on a bona fide intent to use the mark on

all of the services set forth therein, and was later amended on January 9, 2007 to allege ongoing use. The dates of the statements of use in the Applications are clearly the times or dates when the conduct complained about occurred. There is no reason to require it to be specified more particularly.

Place. In its affirmative defense and counterclaim at issue, AHS identifies the Applications, submitted to the USPTO, as the "place" or item in which the inequitable conduct occurred. There is no reason to require it to be specified more particularly.

Specific Conduct. In its affirmative defense and counterclaim at issue, AHS identifies the Applications, and specifically the allegations regarding the businesses to which the sought marks applied – businesses providing nurse staffing services, namely, hiring, recruiting, placement, staffing and career networking services for traveling and non-traveling nurses – as the source of the inequitable conduct claim. Further, that "ANI did not commence use of [the marks] in connection with all the services set forth in [the applications] until sometime *after* July 2001," which is the date upon which ANI alleges use of its marks in commerce commenced. In its complaint, AHS defined its business as "a leading nurse-staffing agency, servicing healthcare facilities. . .offer[ing] its staffing and placement services for traveling and non-traveling nurses. . ." This definition is not at all as broad or encompassing as the definition of its business included in the Applications (attached as Exhibit 2), despite the fact ANI was represented by the same counsel as to the Applications and this litigation. The specific conduct complained of is therefore apparent and should not require a more particular pleading. AHS's allegation is that ANI is not using the subject marks in connection with some of the services listed in the Applications when it signed the Applications attesting to such use. This is a well recognized claim, available to any aggrieved party under the Lanham Act at 14(c). 15 U.S.C. § 1064(c). Torres v. Cantine Toressella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986) ("Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application").

Identities of the Parties to the Misrepresentations. This factor does not really apply to the present case because the claim of inequitable conduct or fraud associated with a trademark registration application that is inappropriately broad is well recognized by the Courts. See, Torres, 808 F.2d at 48.

AHS avers that it has sufficiently pled its claims of unclean hands, and that ANI's motion to dismiss is not well founded, and should be denied.

In the alternative, if the Court were inclined to grant ANI's motion, AHS requests the opportunity to amend its answer and counterclaim to more specifically state the basis of its fraud claims. Federal Rule of Civil Procedure 15 provides that amendments to pleadings should be "freely given as justice demands." The Ninth Circuit Court of Appeals has interpreted this to mean "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). See also, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) citing, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment.'") As alternative relief, AHS requests a limited time period during which to amend its pleadings to more specifically set forth its affirmative defense of unclean hands, and its counterclaim of fraud on the USPTO.

DATED: January 14, 2008

BONE MCALLESTER NORTON, PLLC

By: /s/ Anne C. Martin
Anne C. Martin, Esq.
Attorneys for Defendant AXIS HEALTHCARE STAFFING, LLC
e-mail: amartin@bonelaw.com

**EXHIBIT 1**

**This Order is Citable as Precedent of the TTAB**

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

Mailed: May 13, 2003

Cancellation No. 92040535

MEDINOL LTD.

v.

NEURO VASX, INC.

Before Simms, Walters, and Rogers, Administrative Trademark Judges.

By the Board:

Now ready for decision is respondent's motion to amend its registration and for summary judgment, filed on January 9, 2003. The motion has been fully briefed.[1]

**Registration No. 2,377,883**

On August 15, 2000, Registration No. 2,377,883 ("'883 Registration") was granted to the respondent herein for the mark NEUROVASX for "medical devices, namely, neurological stents and catheters." Application 75/326,112, which matured into the involved registration, was filed based on respondent's stated intent to use the mark on the above-noted goods.

---

[1] Applicant filed a reply brief, which we have considered because it clarifies the issues. *See* Trademark Rule 2.127(a)(consideration of a reply brief discretionary).

Following publication for opposition, a notice of allowance was issued on July 28, 1998, in which applicant's goods were identified as originally set forth in the application. Subsequently, respondent filed two requests for an extension of time in which to file a statement of use. The second extension, filed on July 18, 1999, contained the following statement:

> X Applicant has not used the mark in commerce yet on all goods/services specified in the Notice of Allowance; however, applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of the goods/services specified above:
>
> Applicants [sic] continue their efforts to promote and publicize the recited goods.

Finally, on January 7, 2000, respondent filed a statement of use, which stated in relevant part as follows:

> Applicant is using the mark in commerce on or in connection with the following goods/services:
>
> X Those goods/services identified in the Notice of Allowance in this Application.
>
> ___ Those goods/services identified in the Notice of Allowance in this application except (identify those goods/services to be deleted from this application):
>
> Date of first use of mark anywhere: at least as early as November 15, 1999.[2]

The statement of use concluded with the required declaration:

---

[2] Respondent did not allege a date of first use in commerce as required by Trademark Rule 2.88(b)(1)(ii). Simultaneous with the statement of use, respondent filed a final request for an extension of time including the following statement:

> Applicant believes that it has made valid use of the mark in commerce, as evidenced by the Statement of Use submitted with request; however, if the Statement of Use is found by the Patent and Trademark Office to be fatally defective, applicant will need additional time in which to file a new Statement.

> The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, … and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that … the mark is now in use in commerce; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

The statement of use was signed by Jeffrey A. Lee, identified as respondent's President/CEO. The statement of use was accepted by the trademark examining attorney and on August 15, 2000, the '883 Registration issued.

**The Pleadings**

On May 1, 2002, petitioner filed a petition for cancellation of the '883 Registration, alleging that at the time respondent submitted its statement of use to the United States Patent and Trademark Office ("USPTO" or "office"), it had not used the mark on or in connection with stents, and indeed has not done so since. Petitioner alleged that the '883 Registration was procured by respondent's knowingly false or fraudulent statements, and that "said false statements were made with the intent to induce authorized agents of the PTO to grant said registration, and reasonably relying upon the truth of said false statements, the PTO did, in fact, grant said registration to Registrant."[3] Petition ¶ 8. According to Petitioner, "[i]n view of [these] allegations, Registrant is not entitled to continue

---

[3] Petitioner further alleged that it is damaged by respondent's registration in that its application for the mark NIROVASCULAR was refused registration in light of the '883 Registration.

registration … since Registrant … committed fraud in the procurement of the subject registration." Petition ¶ 11.

Respondent's answer, filed September 26, 2002, states, *inter alia*, that it

> has no further interest in continuing registration of the NEUROVASX registration for "stents" and respectfully requests, pursuant to 15 U.S.C. § 1068, partial cancellation of Registrant's U.S. Trademark Registration 2,377,883 by deleting the word "stents" from the list of goods upon which the mark is used.

Answer ¶ 2. Further, "[i]n response to paragraph 7 of the Petition, Registrant admits that it has not used the mark NEUROVASX in connection with "stents…." Answer ¶ 3.

The answer continues:

> In response to paragraphs 8 and 9 of the Petition, Registrant denies the allegations and affirmatively states that in the Statement of Use submitted prior to the registration of NEUROVASX it was stated that Registrant was using the mark for goods/services. In the Statement of Use a box was checked to incorporate a text passage stating that the goods/services were "Those goods/services identified in the Notice of Allowance in this application." At the time the Statement of Use was prepared, the fact that the goods identified in the Notice of Allowance also included "stents," in addition to catheters, was apparently overlooked. Registrant denies each and every other allegation of paragraphs 8 and 9.

Answer ¶ 5.

Finally, after agreeing that it is not entitled to continued registration for "stents," Answer ¶¶ 6-7, the answer concludes with respondent's "petition for

cancellation in part" of its own '883 Registration, by deleting "stents" from the identification of goods.[4]

**Respondent's Pending Motion**

On January 9, 2003, respondent filed a combined motion to amend its registration to delete "stents,"[5] and for summary judgment:

> Registrant, in order to dispose of all issues in the cancellation proceeding, has also moved for an order under Trademark Rule 2.127(a) and Rule 56 of the Federal Rules of Civil Procedure dismissing the above Cancellation with prejudice upon entry of the above discussed amendment to Registration 2,337,883. The grounds for granting the summary judgment are as set forth in "Registrant's Answer and Petition for Cancellation in Part", filed September 26, 2002 and are incorporated herein by reference. Amending the Registration to delete the reference to a product upon which the mark was not used prior to registration responds fully to the contentions made by Petitioner as a basis for the Cancellation Petition. The filing of the present motion is timely under Trademark Rule 2.127(e)(1) since it is being filed prior to the commencement of the first 30-day testimony period, which is now scheduled to close April 30, 2003.

Motion at 2-3.

Respondent's motion to amend was not submitted with the consent of petitioner, and the motion for summary judgment was not supported by any affidavits or other evidence. Respondent's motion was unverified and was signed by

---

[4] By order dated October 31, 2002, the Board indicated that respondent's "petition for cancellation in part" was in the nature of an affirmative defense (namely, that respondent is entitled to maintain its registration, if it is allowed to delete "stents"), and was reserved for trial.

[5] Respondent's proposed identification of goods would read in its entirety, "medical devices, namely, neurological catheters."

counsel, as was its answer which is incorporated by reference into the motion.

By its response, petitioner objected to respondent's proposed amendment, and argued that – even if allowed – the amendment would not cure the fraud alleged in the petition for cancellation. Petitioner's position is that fraud in procuring a registration taints the entire registration. If it were otherwise, applicants would have little incentive to tell the truth; if caught in their misstatements, they could merely delete any unused goods, but would end up with no less than what they were entitled to claim in the first place, with no adverse consequences.

Respondent's reply brief directly addresses the fraud issue for the first time. In relevant part, respondent argues that

> [w]hile Registrant freely admits that an error was made, there is simply no basis for alleging that the error constituted fraud. Petitioner has cited no pertinent case law supporting their contention that a full trial is needed solely to consider that issue. To the contrary, even if fraud were hypothetically found here, it has been purged by Registrant's two affirmative attempts made to delete stents from the goods description.[6]
>
> Similarly, Registrant's admission that the description of goods was in error and the filing of

---

[6] Respondent's "two affirmative attempts" appear to be (1) respondent's "petition" for cancellation in part of its own registration, *see supra* note 4, and (2) respondent's current motion to amend. Respondent does not contend that it sought to correct its identification of goods prior to registration or at any time prior to the filing of the petition for cancellation.

Registrant's timely motion seeking to correct the registration, demonstrate that "no genuine issue as to any material fact" remains. Petitioner has failed to cite any evidence that there was any intent to commit fraud at the time the error was made. Neither evidence nor law suggests that Registrant ought not be entitled to amend the Registration to correctly refer to only those goods with which the mark has been used.

**Applicable Law**

A registration involved in a Board *inter partes* proceeding may be amended pursuant to Trademark Act § 7(e) and Trademark Rules 2.133 and 2.173. While Trademark Rule 2.133(a) provides that a motion to amend may be granted by the Board, it has been longstanding Board practice to reserve decision on unconsented amendments until trial or until the case is decided upon summary judgment. *See generally* TBMP § 514.03. If a registrant contends that it is entitled to registration with some restriction to the identified goods or services, such a matter must be raised either as an affirmative defense in its answer or by way of a motion to amend its registration to include the restriction. See *e.g., Personnel Data Systems Inc. v. Parameter Driven Software Inc.*, 20 USPQ2d 1863 (TTAB 1991); TBMP § 514.03.

A party is entitled to summary judgment when it has demonstrated that there are no genuine issues as to any material fact, and that it is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1987). The evidence must be viewed in a light favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992).

**Discussion**

There is no genuine issue of material fact at hand. It is undisputed that respondent filed an intent-to-use based application reciting its intended goods as "medical devices, namely, neurological stents and catheters." It is also undisputed that at the time registrant filed its statement of use (and at all times since), it has used the mark on catheters but not on stents.

Moreover, there is no question that respondent's proposed amendment is generally appropriate both legally and factually, being limiting in nature. Trademark Rule 2.173(b). Finally, respondent has proffered the payment for the proposed amendment to its registration. Trademark Act § 7(e).[7]

---

[7] Trademark Rule 2.173 requires that a registrant seeking amendment of its registration submit a (1) written and signed request for amendment; (2) supported by a verification or declaration under Trademark Rule 2.20; (3) the required fee (currently $100); and (4) the original certificate of registration or a certified copy thereof (if the original has been lost or destroyed). While respondent has complied with the first and third requirements, it has not filed a declaration or

We agree with petitioner, however, that respondent is not entitled to judgment as a matter of law. The fraud alleged by petitioner is that respondent knowingly made a material representation to the USPTO in order to obtain registration of its trademark for the identified goods. There is no question that the statement of use would not have been accepted nor would registration have issued but for respondent's misrepresentation, since the USPTO will not issue a registration covering goods upon which the mark has not been used. *See* Trademark Rule 2.88(c);[8] TMEP § 1109.03 ("The applicant may not file a statement of use until the applicant has made use of the mark in commerce on or in connection with all goods/services specified in the notice of allowance, unless the applicant files a request to divide.")

Most importantly, however, deletion of the goods upon which the mark has not yet been used does not remedy an alleged fraud upon the Office. If fraud can be shown in the

---

verification, nor has it submitted its registration certificate. Nonetheless, if respondent's motion for summary judgment was meritorious, we would likely allow respondent time to cure these defects in its motion to amend.

[8] Trademark Rule 2.88(c) provides, in relevant part, that

> [t]he statement of use may be filed only when the applicant has made use of the mark in commerce on or in connection with all of the goods or services, as specified in the notice of allowance, for which applicant will seek registration in that application, unless the statement of use is accompanied by a request in accordance with § 2.87 to divide out from the application the goods or services to which the statement of use pertains.

procurement of a registration, the entire resulting registration is void. *General Car and Truck Leasing Systems, Inc. v. General Rent-A-Car Inc.*, 17 USPQ2d 1398, 1401 (S.D. Fla. 1990), *aff'g General Rent-A-Car Inc. v. General Leaseways, Inc.*, Canc. No. 14,870 (TTAB May 2, 1998). Allowing respondent's amendment would be beside the point; even if "stents" were deleted from the registration, the question remains whether or not respondent committed fraud upon the Office in the procurement of its registration.[9]

Accordingly, because it has not demonstrated that it is entitled to judgment as a matter of law, respondent's motion to amend and for summary judgment is DENIED.

As noted above, there are no genuine issues of material fact on this record, and it does not appear that further discovery and trial will reveal any such facts. Under such circumstances, the Board may *sua sponte* enter summary judgment, if appropriate, for the non-moving party. *The Clorox Co. v. Chemical Bank*, 40 USPQ2d 1098, 1106 (TTAB 1996). *See also* TBMP § 528.08, and cases cited therein.

Petitioner alleges that respondent's submission of its admittedly erroneous statement of use constituted fraud in

---

[9] Needless to say, if respondent ultimately prevails on the issue of fraud, "stents" must be deleted from the registration; applicant may not maintain a registration under Trademark Act § 1 for goods upon which it has never used the mark.

the procurement of the subject registration. A trademark applicant commits fraud in procuring a registration when it makes material representations of fact in its declaration which it knows or should know to be false or misleading. *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 1 USPQ2d 1483, 1484-85 (Fed. Cir. 1986).

We are aware that respondent denies that its intent in submitting its statement of use was fraudulent. Reply Br. at 1-2. Moreover, cases involving questions of intent are often said to be unsuited to resolution by summary judgment. *See, e.g., Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 20 USPQ2d 1295, 1299 (Fed. Cir. 1991).

Nonetheless, as Judge Nies aptly pointed out in *Imperial Tobacco*:

> In every contested abandonment case, the respondent denies an intention to abandon its mark; otherwise there would be no contest. Under Fed. R. Civ. P. 56, … one must, however, proffer more than conclusory testimony or affidavits. An averment of no intent to abandon is little more than a denial in a pleading.

*Imperial Tobacco Ltd. v. Philip Morris Inc.*, 14 USPQ2d 1390, 1394 (TTAB 1990).[10] While *Imperial Tobacco* was an

---

[10] Unlike the case in *Imperial Tobacco*, respondent here has not submitted an affidavit or any other evidence supporting its version of the facts surrounding its signing of the statement of use or its denial of the intent to commit fraud. However, because we are considering the question of whether to enter summary judgment in favor of petitioner, even though it has not so moved, we consider respondent's statements as we would those of a non-movant, and accept the statements as true. Cf. TBMP § 528.01, and cases cited therein ("The nonmoving party must be

abandonment case, we find its discussion of the element of intent relevant to the case at bar.

The appropriate inquiry is therefore not into the registrant's subjective intent, but rather into the objective manifestations of that intent. "We recognize that it is difficult, if not impossible, to prove what occurs in a person's mind, and that intent must often be inferred from the circumstances and related statement made by that person." *First Int'l Serv. Corp. v. Chuckles Inc.*, 5 USPQ2d 1628, 1636 (TTAB 1988). *See, Torres*, 1 USPQ2d at 1484-85;[11] *General Car and Truck*, 17 USPQ2d at 1400 ("proof of specific intent to commit fraud is not required, rather, fraud occurs when an applicant or registrant makes a false material representation that the applicant or registrant knew or should have known was false"); *Western Farmers Ass'n v. Loblaw Inc.*, 180 USPQ 345, 347 (TTAB 1973).

Here, the identification of goods in the application as filed and published included two items: stents and catheters. Notwithstanding that the mark was not in use on

---

given the benefit of all reasonable doubt as to whether genuine issues of material fact exist; and the evidentiary record on summary judgment, and all inferences to be drawn from the undisputed facts, must be viewed in the light most favorable to the nonmoving party.").

one of the two (stents), respondent indicated when it filed its statement of use that the mark was in use on "those goods identified in the Notice of Allowance in this Application."

There were only two goods identified in the notice of allowance; the mark was either in use on both, or it was not. Respondent signed its statement of use under penalty of "fine or imprisonment, or both, … and [knowing] that such willful false statements may jeopardize the validity of the application or any resulting registration…." Statements made with such degree of solemnity clearly are - or should be - investigated thoroughly prior to signature and submission to the USPTO. Respondent will not now be heard to deny that it did not read what it had signed.

The undisputed facts in this case clearly establish that respondent knew or should have known at the time it submitted its statement of use that the mark was not in use on all of the goods. Neither the identification of goods nor the statement of use itself were lengthy, highly technical, or otherwise confusing, and the President/CEO who

---

[11] The problem of fraud arises because Torres submitted a label that he knew *or should have known* was not in use that contained a mark clearly different from the one in use. In addition, he submitted an affidavit stating the mark was in use on wine, vermouth, and champagne when he knew it was in use only on wine.

*Torres*, 1 USPQ2d at 1485 (emphasis added).

signed the document was clearly in a position to know (or to inquire) as to the truth of the statements therein.[12]

Respondent's explanation for the misstatement (which we accept as true) - that the inclusion of stents in the notice of allowance was "apparently overlooked" - does nothing to undercut the conclusion that respondent knew or should have known that its statement of use was materially incorrect. Respondent's knowledge that its mark was not in use on stents - or its reckless disregard for the truth - is all that is required to establish intent to commit fraud in the procurement of a registration. While it is clear that not all incorrect statements constitute fraud, the relevant facts in this record allow no other conclusion. We find that respondent's material misrepresentations made in connection with its statement of use were fraudulent.

---

[12] We further note that the identification of goods - including "stents" - was printed on the registration certificate mailed to respondent on or about August 15, 2000. Although the certificate provided further notice that the registration covered stents, respondent did not seek to amend the identification to delete stents until after this proceeding was filed nearly two years later. *See Space Base Inc. v. Stadis Corp.*, 17 USPQ2d 1216, 1219 (TTAB 1990)("a person can commit fraud upon the Office by willfully failing to correct his or her own misrepresentation, even if originally innocent, as long as that person subsequently learns of the misrepresentation, and knows that the Office has relied upon that misrepresentation in conferring a substantive benefit upon that person to which the person knows it is not entitled." (interpreting *Smith v. Olin*, 209 USPQ 1033 (TTAB 1981))). Respondent's failure to point out its misstatement and seek correction thereof prior to the filing of the petition for cancellation clearly supports our finding that the misstatement was intentional.

Accordingly, summary judgment is entered in petitioner's favor on the issue of fraud.

One further matter remains: in order to prevail, petitioner must establish not only a valid ground for cancellation, but must prove its standing, as well. While petitioner's allegation that its pending trademark application has been refused in view of the '883 Registration would, if proven, suffice to establish standing, petitioner has not yet submitted any evidence on this point.

Petitioner is therefore allowed until THIRTY DAYS from the mailing date of this order in which to submit a showing that there is no genuine issue of fact as to standing, and that it is entitled to judgment on the issue of standing as a matter of law. *Paramount Pictures Corp. v. White*, 31 USPQ2d 1768, 1775-76 (TTAB 1994). Respondent is allowed until FIFTY DAYS from the mailing date of this order to file a response thereto, if desired. If petitioner's showing is sufficient to establish petitioner's entitlement to summary judgment on the issue of standing, summary judgment on standing will be entered in favor of petitioner and the petition for cancellation will be granted. If petitioner's showing is not sufficient on the issue of standing, proceedings will resume on that issue alone.

This proceeding remains otherwise SUSPENDED pending petitioner's response.

.oOo.

**EXHIBIT 2**

# Trademark/Service Mark Application, Principal Register

Serial Number: 78795864
Filing Date: 01/20/2006

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK | ACCESS NURSES |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | ACCESS NURSES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | ACCESS NURSES, INC. |
| INTERNAL ADDRESS | WEST 3RD FLOOR |
| STREET | 5935 CORNERSTONE COURT |
| CITY | SAN DIEGO |
| STATE | California |
| ZIP/POSTAL CODE | 92121 |
| COUNTRY | United States |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | Delaware |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 035 |
| DESCRIPTION | NURSE STAFFING SERVICES, NAMELY, HIRING, RECRUITING, PLACEMENT, STAFFING AND CAREER NETWORKING SERVICES FOR TRAVELING AND NON-TRAVELING NURSES, in International Class 35. |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 07/00/2001 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/00/2001 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT7\IMAGEOUT7 |

| | |
|---|---|
| | \787\958\78795864\xml1\AP P0003.JPG |
| | \\TICRS\EXPORT7\IMAGEOUT7<br>\787\958\78795864\xml1\AP P0004.JPG |
| SPECIMEN DESCRIPTION | ONLINE REGISTRATION APPLICATION FOR NURSES WITH MARK PRINTED THEREON |
| **SIGNATURE SECTION** | |
| SIGNATURE | /lfg/ |
| SIGNATORY NAME | LEWIS F. GOULD, JR. |
| SIGNATORY DATE | 01/20/2006 |
| SIGNATORY POSITION | ATTORNEY FOR APPLICANT |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |
| PAYMENT METHOD | DA |
| **ATTORNEY** | |
| NAME | LEWIS F. GOULD, JR. |
| FIRM NAME | DUANE MORRIS LLP |
| STREET | 30 SOUTH 17TH STREET |
| CITY | PHILADELPHIA |
| STATE | Pennsylvania |
| ZIP/POSTAL CODE | 19103 |
| COUNTRY | United States |
| PHONE | 215-979-1282 |
| FAX | 215-979-1020 |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| ATTORNEY DOCKET NUMBER | E2585-00008 |
| OTHER APPOINTED ATTORNEY(S) | DUANE MORRIS LLP |
| **CORRESPONDENCE SECTION** | |
| NAME | LEWIS F. GOULD, JR. |
| FIRM NAME | DUANE MORRIS LLP |
| STREET | 30 SOUTH 17TH STREET |
| CITY | PHILADELPHIA |
| STATE | Pennsylvania |

| | |
|---|---|
| ZIP/POSTAL CODE | 19103 |
| COUNTRY | United States |
| PHONE | 215-979-1282 |
| FAX | 215-979-1020 |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Fri Jan 20 14:47:29 EST 2006 |
| TEAS STAMP | USPTO/BAS-1214420254-2006 0120144729688056-78795864 -200a2d6b0f525d8a232b58e8 88bfd7594a2-DA-7-20060120 144540881992 |

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78795864**
**Filing Date: 01/20/2006**

### To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The literal element of the mark consists of ACCESS NURSES.
The applicant, ACCESS NURSES, INC., a corporation of Delaware, residing at WEST 3RD FLOOR, 5935 CORNERSTONE COURT, SAN DIEGO, California, United States, 92121, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
The applicant, or the applicant's related company or licensee, is using the mark in commerce, and lists below the dates of use by the applicant, or the applicant's related company, licensee, or predecessor in interest, of the mark on or in connection with the identified goods and/or services. 15 U.S.C Section 1051(a), as amended.

International Class 035: NURSE STAFFING SERVICES, NAMELY, HIRING, RECRUITING, PLACEMENT, STAFFING AND CAREER NETWORKING SERVICES FOR TRAVELING AND NON-TRAVELING NURSES, in International Class 35.

In International Class 035, the mark was first used at least as early as 07/00/2001, and first used in commerce at least as early as 07/00/2001, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) ONLINE REGISTRATION APPLICATION FOR NURSES WITH MARK PRINTED THEREON.

Specimen - 1

Specimen - 2

The applicant hereby appoints LEWIS F. GOULD, JR. and DUANE MORRIS LLP of DUANE MORRIS LLP, 30 SOUTH 17TH STREET, PHILADELPHIA, Pennsylvania, United States, 19103 to submit this application on behalf of the applicant. The attorney docket/reference number is E2585-00008.
The USPTO is authorized to communicate with the applicant or its representative at the following email address: Lfgould@duanemorris.com.
A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration,

ieclares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the rademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be ntitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to ise the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection vith the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own inowledge are true; and that all statements made on information and belief are believed to be true.
iignature: /lfg/ Date: 01/20/2006
iignatory's Name: LEWIS F. GOULD, JR.
iignatory's Position: ATTORNEY FOR APPLICANT
Aailing Address:
LEWIS F. GOULD, JR.
30 SOUTH 17TH STREET
PHILADELPHIA, Pennsylvania 19103
{AM Sale Number: 7
{AM Accounting Date: 01/23/2006
ierial Number: 78795864
nternet Transmission Date: Fri Jan 20 14:47:29 EST 2006
'EAS Stamp: USPTO/BAS-1214420254-20060120144729688O5
-78795864-200a2d6b0f525d8a232b58e888bfd
'594a2-DA-7-20060120144540881992

# ACCESS NURSES

**Access Nurses**

**Register**



| | |
|---|---|
| EMAIL | |
| CONFIRM EMAIL | |
| PASSWORD | |
| FIRST NAME | |
| LAST NAME | |
| ADDRESS | |
| CITY | |
| STATE | Select a State |
| ZIP CODE | |
| COUNTRY | Select a Country |
| DAYTIME PHONE | - - Ext: |
| EVENING PHONE | - - Ext: |
| CELL PHONE | - - |
| PAGER | |
| FAX NUMBER | - - |
| PROFESSION | Select a Profession |
| EXPERTISE | Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years<br>Select an Expertise 5+ years |
| WORK STATUS | (•) US citizen<br>( ) Permanent resident<br>( ) H-1 visa holder/Need H-1 Visa<br>( ) TN permit holder<br>( ) F-1 visa holder<br>( ) Others |
| EMPLOYMENT TYPE | ☐ Permanent ☐ Travel/Contract ☐ Per Diem |
| SHIFT | ☐ Day ☐ Evening ☐ Night |
| LICENSURE STATE | **For multiple selections:** |

PC - Hold down [Ctrl] key; Mac - Hold down [Command] key

Alabama
Alaska
Arizona
Arkansas
California

RELOCATION

No Yes

**For multiple selections:**
PC - Hold down [Ctrl] key, Mac - Hold down [Command] key

Any
Alabama
Alaska
Arizona
Arkansas

AVAILABLE DATE 1 / 20 / 2006 (mm/dd/yyyy)

RESUME TEXT

Please paste your resume into this text box **(use plain text).**
For your privacy, please **(do not)** include any personal contact information h

PLEASE ANSWER THE FOLLOWING QUESTIONS

Yes No Are you willing to take a drug screen according to our policy
Yes No Will you release your background information inclusive of cr

PLEASE ENTER A PROMOTIONAL CODE. (OPTIONAL)

Submit Cancel

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78796027**
**Filing Date: 01/20/2006**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| MARK FILE NAME | \\TICRS\EXPORT7\IMAGEOUT7 \787\960\78796027\xml1\AP P0002.JPG |
| STANDARD CHARACTERS | NO |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | ACCESS NURSES |
| COLOR MARK | YES |
| COLOR(S) CLAIMED | The color(s) YELLOW AND GRAY is/are claimed as a feature of the mark. |
| DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of The letter "A" formed with two upward slaches with a dot in the middle in while enclosed in a geometric square shape placed in front of the words "access nurses".. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 466 x 256 |
| **OWNER SECTION** | |
| NAME | ACCESS NURSES, INC. |
| INTERNAL ADDRESS | WEST 3RD FLOOR |
| STREET | 5935 CORNERSTONE COURT |
| CITY | SAN DIEGO |
| STATE | California |
| ZIP/POSTAL CODE | 92121 |
| COUNTRY | United States |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **LEGAL ENTITY SECTION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | Delaware |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 035 |

| | |
|---|---|
| DESCRIPTION | NURSE STAFFING SERVICES, NAMELY, HIRING, RECRUITING, PLACEMENT, STAFFING AND CAREER NETWORKING SERVICES FOR TRAVELING AND NON-TRAVELING NURSES. |
| FILING BASIS | Section 1(b) |
| **SIGNATURE SECTION** | |
| SIGNATURE | /lfg/ |
| SIGNATORY NAME | LEWIS F. GOULD, JR. |
| SIGNATORY DATE | 01/20/2006 |
| SIGNATORY POSITION | ATTORNEY FOR APPLICANT |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |
| PAYMENT METHOD | DA |
| **ATTORNEY** | |
| NAME | LEWIS F. GOULD, JR. |
| FIRM NAME | DUANE MORRIS LLP |
| STREET | 30 SOUTH 17TH STREET |
| CITY | PHILADELPHIA |
| STATE | Pennsylvania |
| ZIP/POSTAL CODE | 19103 |
| COUNTRY | United States |
| PHONE | 215-979-1282 |
| FAX | 215-979-1020 |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| ATTORNEY DOCKET NUMBER | E2585-00009 |
| OTHER APPOINTED ATTORNEY(S) | DUANE MORRIS LLP |
| **CORRESPONDENCE SECTION** | |
| NAME | LEWIS F. GOULD, JR. |
| FIRM NAME | DUANE MORRIS LLP |
| STREET | 30 SOUTH 17TH STREET |
| CITY | PHILADELPHIA |
| STATE | Pennsylvania |
| ZIP/POSTAL CODE | 19103 |

| | |
|---|---|
| COUNTRY | United States |
| PHONE | 215-979-1282 |
| FAX | 215-979-1020 |
| EMAIL | Lfgould@duanemorris.com |
| AUTHORIZED EMAIL COMMUNICATION | Yes |
| **FILING INFORMATION** | |
| SUBMIT DATE | Fri Jan 20 16:09:29 EST 2006 |
| TEAS STAMP | USPTO/BAS-1214420254-2006 0120160929329549-78796027 -2006ab8a748a01da656558a1 8254bfba5b-DA-288-2006012 0160622685669 |

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78796027**
**Filing Date: 01/20/2006**

### 'o the Commissioner for Trademarks:

**ИARK:** ACCESS NURSES (stylized and/or with design, see mark)
'he literal element of the mark consists of ACCESS NURSES.
'he color(s) YELLOW AND GRAY is/are claimed as a feature of the mark.
'he mark consists of The letter "A" formed with two upward slaches with a dot in the middle in while enclosed in a geometric square shape placed n front of the words "access nurses"..
'he applicant, ACCESS NURSES, INC., a corporation of Delaware, residing at WEST 3RD FLOOR, 5935 CORNERSTONE COURT, SAN )IEGO, California, United States, 92121, requests registration of the trademark/service mark identified above in the United States Patent and 'rademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
ntent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or n connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).
International Class 035: NURSE STAFFING SERVICES, NAMELY, HIRING, RECRUITING, PLACEMENT, STAFFING AND CAREER ИETWORKING SERVICES FOR TRAVELING AND NON-TRAVELING NURSES.
'he applicant hereby appoints LEWIS F. GOULD, JR. and DUANE MORRIS LLP of DUANE MORRIS LLP, 30 SOUTH 17TH STREET, 'HILADELPHIA, Pennsylvania, United States, 19103 to submit this application on behalf of the applicant. The attorney docket/reference number i: :2585-00009.
'he USPTO is authorized to communicate with the applicant or its representative at the following email address: Lfgould@duanemorris.com.
\ fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

'he undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 J.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, leclares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the rademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be ntitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to se the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection vith the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own nowledge are true; and that all statements made on information and belief are believed to be true.
ignature: /lfg/ Date: 01/20/2006

ignatory's Name: LEWIS F. GOULD, JR.
ignatory's Position: ATTORNEY FOR APPLICANT
Mailing Address:
LEWIS F. GOULD, JR.
30 SOUTH 17TH STREET
PHILADELPHIA, Pennsylvania 19103
RAM Sale Number: 288
RAM Accounting Date: 01/23/2006
Serial Number: 78796027
nternet Transmission Date: Fri Jan 20 16:09:29 EST 2006
TEAS Stamp: USPTO/BAS-1214420254-2006012016092932954
-78796027-2006ab8a748a01da656558a18254b
ba5b-DA-288-20060120160622685669

Access Nurses

# Trademark/Service Mark Amendment to Allege Use
## (15 U.S.C. Section 1051(c))

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 78796027 |
| LAW OFFICE ASSIGNED | LAW OFFICE 114 |
| NOTICE OF ALLOWANCE | NO |
| EXTENSION OF USE | NO |
| REQUEST TO DIVIDE | NO |
| MARK SECTION | |
| STANDARD CHARACTERS | NO |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | A ACCESS NURSES |
| OWNER SECTION (current) | |
| NAME | ACCESS NURSES, INC. |
| STREET | WEST 3RD FLOOR 5935 CORNERSTONE COURT |
| CITY | SAN DIEGO |
| STATE | California |
| ZIP/POSTAL CODE | 92121 |
| COUNTRY | United States |
| OWNER SECTION (proposed) | |
| NAME | ACCESS NURSES, INC. |
| STREET | 5935 CORNERSTONE COURT WEST, SUITE 300 |
| CITY | SAN DIEGO |
| STATE | California |
| ZIP/POSTAL CODE | 92121 |
| COUNTRY | United States |
| EMAIL | mhon@duanemorris.com |
| ATTORNEY SECTION (current) | |
| NAME | LEWIS F. GOULD, JR. |
| DOCKET NUMBER | E2585-00009 |
| ATTORNEY SECTION (proposed) | |
| NAME | Michelle A. Hon |

| | |
|---|---|
| DOCKET NUMBER | E2585-00009 |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 035 |
| GOODS AND/OR SERVICES | KEEP ALL LISTED |
| FIRST USE ANYWHERE DATE | 07/00/2001 |
| FIRST USE IN COMMERCE DATE | 07/00/2001 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\787\960\78796027\xml1\AAU0002.JPG |
| SPECIMEN DESCRIPTION | Screen shot of Access Nurses Webpage |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| SUBTOTAL AMOUNT | 100 |
| TOTAL AMOUNT | 100 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /Michelle A. Hon/ |
| SIGNATORY NAME | Michelle A. Hon |
| SIGNATORY DATE | 01/09/2007 |
| SIGNATORY POSITION | Attorney |
| **FILING INFORMATION** | |
| SUBMIT DATE | Tue Jan 09 22:01:40 EST 2007 |
| TEAS STAMP | USPTO/AAU-12.144.20.254-2<br>0070109220140518551-78796<br>027-3605d9651f85224b4bcd3<br>a5a194a1418e79-DA-1063-20<br>070109215109566033 |

## Trademark/Service Mark Amendment to Allege Use
## (15 U.S.C. Section 1051(c))

'o the Commissioner for Trademarks:

**ИARK:** A ACCESS NURSES (stylized and/or with design)
**;ERIAL NUMBER:** 78796027

'he applicant, ACCESS NURSES, INC., having an address of 5935 CORNERSTONE COURT WEST, SUITE 300, SAN DIEGO, California Jnited States 92121, is using or is using through a related company or licensee the mark in commerce on or in connection with the goods and/or ervices as follows:

'or International Class: 035, the applicant, or the applicant's related company or licensee, is using the mark in commerce on or in connection with ll goods and/or services listed in the application or Notice of Allowance.
'he mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 07/00/2001, and irst used in commerce at least as early as 07/00/2001, and is now in use in such commerce. The applicant is submitting one specimen for the class

howing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) Screen shot of Access Nurses Webpage. ;pecimen-1

'he applicant hereby appoints Michelle A. Hon to submit this Trademark/Service Mark Amendment to Allege Use on behalf of the applicant. The ttorney docket/reference number is E2585-00009.

\ fee payment in the amount of $100 will be submitted with the form, representing payment for 1 class.

## Declaration

\pplicant requests registration of the above-identified trademark/service mark in the United States Patent and Trademark Office on the Principal ₹egister established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq., as amended). Applicant is the owner of the mark sought to be egistered, and is using the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached pecimen(s) showing the mark as used in commerce.

'he undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. ;ection 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly uthorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements mad ›n information and belief are believed to be true.

;ignature: /Michelle A. Hon/ Date Signed: 01/09/2007
;ignatory's Name: Michelle A. Hon
;ignatory's Position: Attorney

₹AM Sale Number: 1063
₹AM Accounting Date: 01/10/2007

;erial Number: 78796027
nternet Transmission Date: Tue Jan 09 22:01:40 EST 2007
'EAS Stamp: USPTO/AAU-12.144.20.254-2007010922014051
;551-78796027-3605d9651f85224b4bcd3a5a19
·a1418e79-DA-1063-20070109215109566033
;o Back


Travel Nursing Jobs - Travel Nurse - Travelnursing Agency - Microsoft Internet Explorer provided by Duane Morris LLP
Edit View Favorites Tools Help
Back
Search
Favorites
http://www.accessnurses.com/
Contact us toll-free: 1-866-687-7390
Access Nurses
About Us Contact Us Register
Picture yourself here
Access Nurses
Find a Job
Employers
Apply Now!
Log In
Email
Password
Submit
Forgot Password?
Find your nursing job today!
Access Nurses is a leading provider of healthcare staffing, servicing healthcare facilities in all 50 states.
Access Nurses offers you:
High salaries and comprehensive benefits
Furnished housing and relocation assistance
Friendly and personalized service, click here to get started!
Get Started!
Apply today to find your dream job!
has earned
the Joint Commission's Gold Seal of Approval™
Done
Internet