Daniel C. Minteer (SBN 62158)
Michelle A. Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
Email: dcminteer@duanemorris.com
Email: mhon@duanemorris.com

Attorneys for Plaintiff
ACCESS NURSES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCESS NURSES, INC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AXIS HEALTHCARE STAFFING LLC, an Ohio corporation AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 07CV2250 JAH (WMc)<br><br>**ACCESS NURSES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AXIS HEALTHCARE STAFFING LLC'S AFFIRMATIVE DEFENSES OF INEQUITABLE CONDUCT AND DISMISS ITS COUNTERCLAIM FOR INEQUITABLE CONDUCT** |
| AXIS HEALTHCARE STAFFING LLC,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>ACCESS NURSES, INC, a Delaware corporation,<br><br>Counterclaim-Defendant. | **DATE:** **January 28, 2008**<br>**TIME:** **2:30 p.m.**<br>**CTRM:** **11**<br>**JUDGE:** **Hon. John A. Houston** |

Plaintiff and Counterclaim-Defendant, Access Nurses, Inc. ("Access"), submits this Reply in support of its Motion to Strike Axis Healthcare Staffing LLC's Affirmative Defenses of Inequitable Conduct and Dismiss Its Counterclaim for Inequitable Conduct.

## I. INTRODUCTION

Courts have a strong interest in weeding out allegations of inequitable conduct (commonly referred to as "fraud on the Patent and Trademark Office") that are asserted in bad faith. "The damage wrought by unfounded allegations of fraud is not limited to an advantage unfairly gained by one side. As the Federal Circuit has pointed out, the integrity of reputable attorneys, indeed of the bar *in toto,* is at stake. The reputations of respectable clients, eminent experts, and honest patent examiners may all be impugned by careless or malicious accusations of 'fraud on the Patent Office.'" *Chiron Corp. v. Abbott Lab*., 156 F.R.D. 219, 222 (N.D. Cal. 1994) (citation omitted). Thus, in the absence of specifically pled factual allegations, the Court should dismiss Axis' counterclaim and strike its affirmative defenses of inequitable conduct. *See Chiron Corp. v. Abbott Lab.*, 156 F.R.D. 219 (N.D. Cal. 1994) ("If a party alleging fraud 'offers *no specific facts demonstrating wrongdoing* which [the other party] could deny or otherwise controvert,' then it fails to plead the allegation with sufficient particularity under Rule 9(b).") (*quoting Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993)); *Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11700, at *18 (N.D. Cal. July 24, 1996) (dismissing counterclaims and striking affirmative defenses based on inequitable conduct based on merely conclusory allegations).

The pro-forma counterclaim and affirmative defenses filed by defendant, Axis Healthcare Staffing, LLC ("Axis"), is nothing more than a shot in the dark. The statements made in support of its claim and affirmative defenses are merely conclusory allegations. Axis has not and cannot provide any facts to support its allegations. Therefore, Axis has not pled with particularity as required by Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") and its counterclaim and affirmative defenses of inequitable conduct must be dismissed and stricken, respectively.

## II. ARGUMENT

### A. Axis' Conlusory Statements Are Insufficient Under Rule 9(b).

Axis admits that it is required to plead its claims of inequitable conduct with particularity. Opposition at pg. 2, lns 6-7. As discussed below, Axis' counterclaim provides only conclusory allegations. This does not satisfy the particularity requirements of Rule 9(b). *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

The only factual allegation in the counterclaim relating to an alleged material, false statement to the U.S. Patent and Trademark Office, is that "based on information and belief" Access' representation regarding its first use date "was false as [Access] did not commence use of ACCESS NURSES in connection with all the series set forth in Ser. No. 78/795,864 until sometime after July 2001." Answer and Counter-Claim at pg. 9, ln.9 – pg 10, lns 1-2. The same allegation based on "information and belief" was made with regard to Serial No. 78/796,027 for ACCESS NURSES & Design. Answer and Counter-Claim at pg. 10, lns 10-12. Axis failed to provide any factual basis for <u>why</u> it has such a belief. An allegation based on information and belief, without any factual basis, is merely a conclusory allegation and does not satisfy Rule 9(b). *Neubronner v. Milken*, 6 F.3d at 672 (upholding a dismissal of a cause of action for fraud stating "a plaintiff who makes allegations on information and belief must state the factual basis for the belief.")

Axis' attempt to save its counterclaim and affirmative defenses by referencing facts alleged in the Complaint is a red herring. The description of Access' business in the Complaint is not relevant to the date Access first commenced use of its marks in connection with its services.

Axis has offered conclusory allegations of inequitable conduct, based on information and belief. It has no factual basis to support its belief. Therefore its counterclaim must be dismissed and its affirmative defenses stricken.

**B. Axis Cannot Show Materiality.**

Axis concedes that "in order to demonstrate fraud on the USPTO, one must demonstrate a statement was false, material and made knowingly." Opposition at pg. 2, lns 17-18. Access has not sufficiently alleged materiality. Axis' statement that "materiality is assumed" is contrary to law.

Axis alleges that Access made a material, false statement regarding its first use dates. Access denies this allegation. However, even if the Court assumes this to be true, a misstatement regarding a date of first use is not assumed to be material. On the contrary, courts and the Trademark Trial and Appeal Board have consistently held that a misstatement regarding the date of first use is not material as long as the use proceeded the application date. *See e.g. Pony Express Courier Corp. v. Pony Express Delivery Service*, 872 F.2d 317, 319 (9th Cir. 1989) ("The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date.").

Axis failed to make even a conclusory allegation regarding how an alleged misrepresentation regarding Access' dates of first use was material to obtaining the registrations at issue. Thus, Axis failed to allege an essential element of its inequitable conduct counterclaim and defenses, which, therefore, must be dismissed for failure to state a claim.

**C. Axis Failed To Allege Intent To Deceive.**

In its Motion to Dismiss, Access demonstrated that Axis' counterclaim and affirmative defenses for inequitable conduct must be dismissed for failure to specifically plead an intent to deceive, which is an indispensable element of an inequitable conduct allegation that must be affirmatively pled. *See Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11700, at *18. Axis appears to acknowledge this as it does not address this issue in its opposition. Nor does Axis dispute that *Advances Cardiovascular* is directly on point. *Id.* (holding "general allegations" did not satisfy the requirements of Rule 9(b) because defendant did not provide the particular facts of what the defendant failed to disclose and the circumstances indicating the defendant's intent to mislead the USPTO). Axis simply ignores this requirement both in its counterclaim and in its Opposition. On that basis alone, Axis' counterclaim and affirmative defenses should be dismissed.

## III. CONCLUSION

Based on the foregoing, (1) Defendant's Seventh and Eighth Affirmative Defenses of inequitable conduct must be stricken; and (2) Defendant's Counterclaim for inequitable conduct must be dismissed.

Dated: January 18, 2008

**DUANE MORRIS LLP**

By: s/Michelle A. Hon
Daniel C. Minteer
Michelle A. Hon
Attorneys for Plaintiff
ACCESS NURSES, INC.